UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| Archer Daniels Midland Company d/b/a ADM Grain Company | CIVIL ACTION NO.: Admiralty – Rule 9(h) |
| VERSUS | SECTION ___ | DIVISION ___ |
| M/V SASEBO GLORY, her engines, tackle, apparel, etc., *in rem* | JUDGE |
| | MAGISTRATE |

## COMPLAINT

The Complaint of Plaintiff, Archer Daniels Midland Company d/b/a ADM Grain Company ("ADM"), against Defendant, M/V SASEBO GLORY, her engines, tackle, apparel, etc., *in rem*, in a cause of action under 46 U.S.C. § 31342 and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, avers as follows:

1.

At all times hereinafter, Plaintiff, ADM, was and is now a corporation duly organized under the law of the State of Delaware with its principal place of business in the State of Illinois, doing business within the State of Louisiana.

2.

At all times hereinafter, Defendant, M/V SASEBO GLORY (the "Vessel"), was and is now a bulk carrier bearing IMO No. 9740823 with an overall length of 229 meters, a breadth of 38 meters, and flying under the flag of Cyprus. The vessel is or will be in the jurisdiction of the Eastern District of Louisiana.

3.

This is a claim, *in rem*, under the maritime jurisdiction of the United States and this Honorable Court in accordance with 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4.

ADM owns and operates a grain terminal at or near Ama, Louisiana on the right descending bank of the Lower Mississippi River. This terminal contains a berth that provides dockage for ocean going vessels to load cargo.

5.

On or about June 3, 2019, the Vessel entered the ADM berth in order to load cargo. Prior to entering the berth, the Master of the Vessel and the agent for the Vessel signed an Application for Berth Ocean Going Vessels ("Berth Application") on behalf of the Vessel and its owners/operators in which the Vessel and its owners/operators agreed to follow and comply with all rules and regulations of ADM Grain Company Elevator Tariff NO. 7 ("Tariff").

6.

In relevant part, the Tariff provide the following:

> Every vessel upon entering the berth (docking), leaving the berth (undocking), shifting while in berth (warping), or lying at the berth, shall be required to make use of a sufficient number of tugs at the vessel's risk and expense. The number of tugs used shall be at the discretion of the vessel and/or pilot.

7.

While in the berth, the Vessel incurred charges for several services, including but not limited to dockage services, launch boat services, tug services, and line handling services.

8.

ADM presented the Vessel owners/operators with an invoice in the amount of $274,298, the vast majority of which was for assist tugs used by the Vessel at the berth.  Despite demand for payment, the Vessel and its owners/operators have refused to pay ADM.

9.

Pursuant to Berth Application and Tariff, the Vessel is obligated to pay the fees for services provided to it in the berth, together with court costs and expenses incurred by ADM.  Moreover, ADM has a maritime lien against the Vessel, as the damages claimed herein arise from ADM's provision of necessaries to the Vessel pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31342 *et seq*.

10.

ADM has a maritime lien against the Vessel for the full amount of its claim, and is entitled to have the Vessel seized and sold, and further to have the charges paid in preference and priority to other claims.

WHEREFORE, ADM prays that:

1. A copy of the Verified Complaint be served upon the Vessel, *in rem*;
2. All persons claiming any right, title, or interest in the Vessel her engines, boilers, tackle, appurtenances, etc., be summoned to appear, file their claim, as owner, and to answer under oath all and singular the matters aforesaid, and that after due proceedings, said Vessel be condemned and sold to pay the demands aforesaid, with interest costs, and disbursements;

3. That the Court recognize a maritime lien against the Vessel, *in rem*, in favor of ADM for an amount in amount of $274,298, plus interest;

4. That a Warrant of Arrest be issued calling for the Vessel to be seized to satisfy Plaintiff's claim; and

5. That Judgment be entered in favor of ADM against the Vessel, *in rem*, at least in the amount of $274,298, together with all other amounts shown at trial including, but not limited to, interest and attorney's fees, and that this Judgment be recognized as a priority claim based upon the Federal Maritime Lien Act so that it is paid in preference and priority to all other claims of liens including any ship mortgage(s).

Respectfully submitted:

SALLEY HITE MERCER & RESOR, LLC

*/s/ Kevin Frey*
DAVID M. FLOTTE T.A. (#1364)
KEVIN M. FREY (#35133)
365 Canal Street, Suite 1710
New Orleans, Louisiana 70130
Tel.:   (504) 566-8800
Fax:   (504) 566-8828
dflotte@shmrlaw.com
kfrey@shmrlaw.com

Counsel for Plaintiff,
Archer Daniels Midland d/b/a ADM Grain Company

**PLEASE SERVE AND ARREST:**

1. **M/V SASEBO GLORY** , her engines, tackle, apparel, etc., *in rem,* with the Complaint and Verification.